**Grudowoski v. Willard E. Campbell Enterprises Inc.**

457

*Sanford Kelson,* for plaintiff.
*Stephen D. Wicks,* for defendants.

LOUGHRAN, *J.,* February 8, 1996—The plaintiff's complaint is a claim for wrongful discharge for an alleged retaliation for filing a workers' compensation claim. Plaintiff was injured while working at defendant's Murrysville restaurant. After recovering from his injuries, plaintiff requested a transfer to defendant's restaurant at Indiana, Pennsylvania, as he was planning to attend college there. Plaintiff contends that after he was refused the transfer because of his workers' compensation claim, he also was denied continued employment at the Murrysville office for the same reason. Accordingly, plaintiff filed the instant action.

The defendant has filed preliminary objections to plaintiff's complaint contending that there is no cause

of action recognized in Pennsylvania for a wrongful discharge for filing a workers' compensation claim.

Counsel for both parties have filed enlightening briefs which agree that there are no appellate cases precisely on point. Both parties rely on lower court decisions and federal cases. These cases run the gambit from holding that there are no recognized actions by statute or appellate cases to recognizing a cause of action as being in keeping with public policy.

An examination of a Pennsylvania Superior Court case *Phillips v. Babcock & Wilcox,* 349 Pa. Super. 351, 503 A.2d 36 (1986), *appeal denied,* 514 Pa. 618, 521 A.2d 933 (1987), does give some insight into appellate court thinking. In *Phillips* a union employee brought an action contending discharge in retaliation for filing a workers' compensation claim. The Superior Court held that a wrongful discharge could not be maintained by a union employee as the terms of a collective bargaining agreement afforded protection from discharge without proper cause. The Superior Court further stated that wrongful discharge actions were to provide a remedy to unorganized workers with no other recourse against wrongful discharge.

It is important to note that the court did not reject a retaliatory discharge claim and implicitly recognized a wrongful discharge claim for those persons without recourse otherwise, and most important, implicitly recognizes the same to fall within public policy.

The Workmen's Compensation Act is a comprehensive legislative scheme to provide benefits to injured employees. This court believes, as Judge Wettick believed in *Butler v. Negley House Inc.,* 20 D.&C.3d 543 (1981), that this statutory scheme would be seriously undermined if employers may discharge employees for seeking benefits under the Workmen's Compensation Act

thereby causing employees to forego their claims in order to avoid jeopardizing their job. To promote public policy as expressed through the legislative scheme for workers' compensation, the case law must recognize a claim based upon a retaliatory action taken against an employee for filing a claim. Otherwise, the humanitarian nature of the legislation could very well be voided which this court believes violates the very public policy which brought the act into existence.

Accordingly, defendants' preliminary objections will be denied.

## ORDER

And now, to wit, February 8, 1996, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the preliminary objections of the defendants are denied.